UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HEATHER LIANNE SIMS,

    Plaintiff,

v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security,

    Defendant.

CASE NO. C17-5656-BAT

**ORDER AFFIRMING THE COMMISSIONER AND DISMISSING THE CASE**

Heather Lianne Sims appeals the ALJ's decision finding her not disabled. The ALJ found Ms. Sims worked since the alleged onset date, but the work did not rise to the level of substantial gainful activity; that status post remote foot injury/arthritis in the feet, obstructive sleep apnea, degenerative disc disease, fibromyalgia, post-traumatic stress disorder, major depressive disorder, anxiety, specific phobia, cognitive disorder, and alcohol abuse are severe impairments; Ms. Sims has the Residual Functional Capacity ("RFC") to perform light work, except she can occasionally climb, balance, stoop, kneel, crouch, or crawl and is limited to unskilled work, incidental public contact and can do work that does not require her to work as part of a team; Ms. Sims cannot perform her past relevant work; and that Ms. Sims can perform other jobs in the national economy and is not disabled. Tr. 15-36. The ALJ's decision is the Commissioner's final decision because the Appeals Council denied Ms. Sims' request for review. Tr. 1-6.

ORDER AFFIRMING THE COMMISSIONER AND DISMISSING THE CASE - 1

Ms. Sims contends the ALJ erred by (1) failing to account for all limitations found by consultative examiner Trudy Iredale, Ph.D.; (2) ignoring an opinion of treating doctor Navin Nagaraj, M.D.; (3) discounting or ignoring statements written by her mother; and (4) discounting her own subjective testimony. Dkt. 11 at 1-2. As discussed below, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## **DISCUSSION**

**A.     Medical Evidence**

   *1.     Trudy Iredale, Ph.D.*

Dr. Iredale examined Ms. Sims in February 2014. Tr. 609-617. In her medical source statement Dr. Iredale opined:

> The claimant is a 38 year old female who alleges anxiety, depression, cognitive problems, as well as numerous other medical problems. Her social skills are good and she is likely to have good relationships with co-workers and supervisors. She tends to have some social anxiety and may have difficulty interacting with the public. She is capable of understanding and following simple instructions but will probably have trouble as the complexity of the task increases. She may also need instructions to be repeated many times due to some impairment in delayed recall. Attention and concentration are slightly impaired. There does not appear to be the need for a protective payee at this time.

Tr. 617. The ALJ gave significant weight to Dr. Iredale's opinion. Tr. 22. The ALJ's RFC assessment limits Ms. Sims to performing unskilled work with incidental public contact, and tasks that do not require her to work as part of a team. Tr. 31.

The Commissioner contends this accounts for limitations Dr. Ireland assessed. Ms. Sims argues the ALJ's RFC erroneously fails to account for Dr. Iredale's opinion Ms. Sims "may also need instructions to be repeated many times due to some impairment in delayed recall." Dkt. 11 at 4. This opinion must be viewed in the context of the doctor's other opinions. Dr. Iredale also opined Ms. Sims "is capable of understanding and following simple instructions but will

probably have trouble as the complexity of the task increases." Tr. 617. As Ms. Sims can perform tasks involving simple instructions, the Court cannot say the need for repeating instructions applies to that level of work. Dr. Iredale's opinion indicates, as the complexity of work tasks increase, Ms. Sims may have "trouble"; that logically would be the point where Ms. Sims would need additional help such as repetition of instructions. The Court accordingly cannot say the ALJ unreasonably omitted the need for repetition from the RFC determination.

Here the ALJ's RFC assessment limited Ms. Sims to unskilled work. This is consistent Dr. Iredale's opinion Ms. Sims can understand and follow simple instructions. *See Lopez v. Astrue*, 2011 WL 3206958, at *8 (N.D. Cal., July 27, 2011) (stating "a limitation to simple, routine, repetitive work is not inconsistent with the ability to perform unskilled work"); *Cha Yang v. Astrue*, 2010 WL 3768122, *14 (E.D. Cal., Sept.22, 2010) ("the ability to perform simple, repetitive tasks is consistent with unskilled work); and *Orucevic v. Astrue*, 2008 WL 4621420, *7 (W.D. Wash., Oct.16, 2008) (ALJ did not err in concluding claimant could perform unskilled work because of her limitation to simple, repetitive tasks and noting that the definition of unskilled work). *See also Meissl v. Barnhart*, 403 F.Supp.2d 981, 983–85 (C.D. Cal. 2005) (reasoning SVP 2 did not conflict with the ALJ's prescribed limitation of work which involved "simple, repetitive" tasks).

The Court notes Ms. Sims' opposition to reliance on post-hoc arguments to salvage the ALJ's decision. Ms. Sims argues since the ALJ did not state an RFC limited to unskilled work accounts for Dr. Iredale's opinion, neither can the Commissioner. Dkt. 13 at 2. But the argument disregards the fact the ALJ's RFC accounts for the Dr. Iredale's opinion, whether the ALJ gave a reason or not. The Court thus cannot find the ALJ harmfully erred. Accordingly, the Court concludes the ALJ did not erroneously omit a limitation set forth by Dr. Iredale. *See Turner v.*

*Comm'r of Soc. Sec.*, 613 F.3d 1217, 1223 (9th Cir. 2010) (ALJ incorporated opinions by assessing RFC limitations "entirely consistent" with limitations assessed by physician), and affirms the ALJ's treatment of the doctor's opinion.

### *2. Navin Nagaraj, M.D.*

After his first examination in March 2014, Ms. Sims' treating physician Navin Nagaraj, M.D., completed a form "statement of disability" indicating Ms. Sims was "totally disabled for all occupations" at that time, but was expected to be able to resume work after August 26, 2014. Tr. 704-05. In May 2014, Dr. Nagaraj indicated in his treatment notes he did "not feel [Ms. Sims] is completely disabled from working in a regular job, though she disagrees with me." Tr. 751. Dr. Nagaraj believed Ms. Sims' symptoms were related to her medications, but Ms. Sims refused to "taper down or off any of her medications." Tr. 754.

The ALJ gave significant weight to Dr. Nagaraj's May 2014 opinion that Ms. Sims was not completely disabled, but did not discuss the March 2014 opinion that Ms. Sims was disabled through August 26, 2014. Tr. 27. Ms. Sims argues the ALJ erred. The argument fails. It disregards how in March 2014, Dr. Nagaraj's indicated Ms. Sims was unable to work for a five-month period, which is insufficient to show disability under the Social Security Act. *See* 42 U.S.C. § 423 (d)(1)(A) (disability means "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months"); 20 C.F.R. §§ 404.1505, 1509 (to meet definition of disability, claimant must have a severe impairment preventing work; impairment must have lasted or be expected to last at least twelve months).

Additionally, Dr. Nagaraj noted Ms. Sims' accident occurred around August 2013. He did not examine her until March 25, 2014, and did not indicate her symptoms existed at the same

severity level prior to his examination. Tr. 704. Hence there is nothing in Dr. Nagaraj's March 2014 opinion showing Ms. Sims' impairments satisfies the 12 month duration requirement, and that the ALJ therefore should have but failed to address the March opinion.

Moreover, Dr. Nagaraj indirectly retracted the March 2014 opinion by indicating in May 2014, he did not believe Ms. Sims was disabled. Tr. 751. The ALJ noted this change in Dr. Nagaraj's opinion. Tr. 27. Given the change in opinion, the Court cannot say the ALJ unreasonably focused on the May 2014 opinion.

Ms. Sims also contends Dr. Nagaraj opined in March 2014 she could work part-time, and this is not necessarily inconsistent with the May 2014 opinion that she was not "completely disabled." Dkt. 13 at 3. The record does not support the argument. In March 2014, Dr. Nagaraj opined Ms. Sims was not capable of working full-time *or* part-time. Tr. 705. Dr. Nagaraj's March 2014 and May 2014 opinions are thus squarely contradictory, and it was not unreasonable for the ALJ to focus on Dr. Nagaraj's second opinion, formed after his treatment relationship had progressed and he had more information about Ms. Sims' condition. The ALJ did not err in failing to credit Dr. Nagaraj's subsequently revised March 2014 opinion regarding Ms. Sims' five-month period of disability.

**B.    Lay Testimony**

Ms. Sims' mother, Toni Swogger, provided two written statements, one dated April 2014, and the other dated January 2016. Tr. 266-274, 299-300. The ALJ discounted the first statement, and did not mention the second statement. Tr. 31-32.

The ALJ rejected Ms. Swogger's first statement on the grounds (1) it was inconsistent with the medical evidence, and less credible because it was not based on objective examination and testing; and (2) it was not persuasive for the same reasons Ms. Sims' own testimony was not

wholly credible. Tr. 32. Assuming the ALJ's first reason is not germane, as Ms. Sims argues, the ALJ's second reason is because Ms. Swogger's statement is similar to statements made by Ms. Sims and explicitly cites Ms. Sims' self-reported pain. *See* Tr. 266-74. Thus, because, as explained *infra*, the ALJ's reasons to discount Ms. Sims' testimony were valid, they apply with equal force to Ms. Swogger's similar testimony. *See Valentine*, 574 F.3d at 694 (because "the ALJ provided clear and convincing reasons for rejecting [the claimant's] own subjective complaints, and because [the lay witness's] testimony was similar to such complaints, it follows that the ALJ also gave germane reasons for rejecting [the lay witness's] testimony")). Thus, any error in the ALJ's first reason is harmless in light of his germane second reason.

The ALJ's error in failing to discuss Ms. Swogger's 2016 statement is also harmless, because the statement is cumulative of her previous statement, and she indicated that at the time she wrote it, her relationship with her daughter had deteriorated and she rarely saw or spoke to her. Tr. 299-300. The same germane reason the ALJ relied upon to discount Ms. Swogger's first statement applies equally to her second statement, rendering the error harmless. *See Molina v. Astrue*, 674 F.3d 1104, 1121 (9th Cir. 2012) ("[W]here the ALJ rejects a witness's testimony without providing germane reasons, but has already provided germane reasons for rejecting similar testimony, we cannot reverse the agency merely because the ALJ did not 'clearly link his determination to those reasons.'" (internal citation omitted)).

**C.     Ms. Sims' Testimony**

The ALJ discounted Ms. Sims' testimony because: (1) the objective medical record does not corroborate her allegations; (2) her daily activities were inconsistent with disability and with her allegation of an inability to leave her home; (3) she traces her inability to work to a car accident in 2006, but she continued to work for five years after that accident; (4) her description

of her pain at the hearing was inconsistent with the record and "so extreme as to appear implausible"; (5) she testified at the hearing that she had never misused prescription drugs, but the record documented drug-seeking behavior and violations of her pain contract; and (6) she "did not appear to have any sense of personal responsibility for managing her symptoms" and complained that her doctors had failed to "fix" her. Tr. 32-34.

Ms. Sims contends some aspects of the ALJ's findings are not clear and convincing, as required in the Ninth Circuit. Specifically, she argues the ALJ erred in citing her daily activities without explaining how her activities contradicted her allegations or demonstrated transferable work skills. Dkt. 11 at 9. This argument overlooks how the ALJ noted Ms. Sims claimed her mental conditions prevented her from leaving her house but the record documented her activities outside the home. Tr. 32. Even if the ALJ's finding that her activities were "not limited to the extent one would expect" is not sufficiently specific, the ALJ went on to identify a specific inconsistency between Ms. Sims' allegations and her activities, which is a clear and convincing reason to discount her testimony. *See Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (activities may undermine credibility where they (1) contradict the claimant's testimony or (2) "meet the threshold for transferable work skills").

Ms. Sims also contends the ALJ failed to explain how her need for pain medications undermines her testimony that she did not want to be on pain medications. Dkt. 11 at 10. This contention disregards the entirety of the ALJ's reasoning on the issue. The ALJ noted Ms. Sims testified she did not want to be on pain medications and did not like opiates, yet refused to try alternative therapies recommended by her doctors and instead "requested, even demanded, opiate medication from her doctors." Tr. 33. Evidence of drug-seeking behavior, as cited by the ALJ (Tr. 24-26), is a clear and convincing reason to discount a claimant's subjective testimony. *See*

*Edlund v. Massanari*, 253 F.3d 1152, 1157 (9th Cir. 2001) (ALJ properly considered evidence of exaggeration of pain to receive pain medication in credibility assessment); *accord Massey v. Comm'r of Social Sec. Admin.*, 400 Fed. Appx. 192, 193 (9th Cir. Oct. 19, 2010) (ALJ's interpretation of record that claimant engaged in drug-seeking behavior is a clear and convincing reason for disregarding his testimony).

Furthermore, Ms. Sims does not challenge the ALJ's other reasons for discounting her testimony, which are independent from the challenged reasons, namely the lack of support in the medical record, her ability to work after her car accident, her inconsistent and implausible descriptions of pain, and her lack of personal responsibility. Ms. Sims' failure to challenge all of the ALJ's reasons renders any error in the challenged reasons harmless. *See Carmickle v. Comm'r of Social Sec. Admin.*, 588 F.3d 1155, 1162-63 (9th Cir. 2008).

## CONCLUSION

For the foregoing reasons, the Commissioner's decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

DATED this 31st day of January, 2018.

BRIAN A. TSUCHIDA
United States Magistrate Judge